UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RECEIVED & FILED
1999 NOV -3 AM 10: 03
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, PR

LILLIAM MALDONADO-CORDERO, et al.,
    Plaintiffs

vs.                                  CIVIL NO. 98-2386 (JP)

AT&T, et al.,
    Defendants

## ORDER

| MOTION | RULING |
|---|---|
| **Date Filed:** September 24, 1999; October 5, 1999<br>**Docket:** #57, 58<br>[X] **Plffs**    [X] **Defts**<br><br>**Title:** Motion Requiring Prior Notice of Discovery and Motion to Quash; Opposition to Motion Requiring Prior Notice of Discovery and Motion to Quash and to Compel Production of Documents | Plaintiffs object that Defendants have served a subpoena duces tecum on Plaintiffs' treating physicians without first notifying them, in compliance with Federal Rule of Civil Procedure 5. Defendants, however, indicate that a copy of the subpoena was served on Plaintiffs at the same time it was served on the physicians, and attach a copy of the notification. The Rule 5 issue, therefore, is a red herring. The real problem here is that Federal Rule of Civil Procedure 34(c) provides that a non-party to an action may only be compelled to produce documents or to submit to an inspection of documents according to the procedures set forth in Rule 45. Rule 45(a)(2) provides that "If separate from a subpoena commanding the attendance of a person, a subpoena for production or inspection shall issue from the court for the district in which the production is to be made." Because the physicians are non-parties and the subpoena duces tecum was not issued together with a subpoena commanding the attendance of those physicians at a deposition, Defendants have violated Rules 34 and 45. Only the Court has the authority to issue the subpoena duces tecum for Plaintiffs' treating physicians. The Court therefore **QUASHES** the subpoenas. |

Date: 10/28/99

JAIME PIERAS, JR.
U.S. Senior District Judge

Rec'd:    EOD:

By: RJ    # 60