IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RECEIVED & FILED

1999 NOV -3 PM 4: 30

CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P R

| | |
|---|---|
| LILLIAM MALDONADO CORDERO, et al. * | |
| * | |
| Plaintiffs * | |
| * | |
| vs. * | CIVIL NO. 98-2386 (JP) |
| * | |
| AT&T, et al. * | |
| * | |
| Defendants * | |

# O R D E R

## I.   INTRODUCTION

Before the Court is co-Defendants AT&T of Puerto Rico, Inc. ("AT&T-PR"), Richard Luna, and Luis Figueroa's Motion Requesting Severance (**docket No. 12**); Plaintiffs' Opposition to Motion Requesting Severance (docket No. 24); and Defendants' Reply thereto (docket No. 31). Plaintiffs Lilliam Maldonado-Cordero ("Maldonado"), María M. Lazo-Macías ("Lazo"), Carmen H. Lázaro-Vicéns ("Lázaro"), their respective husbands, Carlos Alberto Mercado-Rivera, Carlos Marce-Fajardo, and José Angel Rodríguez-Montes, and the conjugal partnerships constituted between them, have brought this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e - 2000e-15; the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d); the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 215-217; and Puerto Rico's Law No. 100, P.R. Laws Ann. tit. 29 § 146; Law No. 69, P.R. Laws Ann. tit. 29 § 1321; Law No. 17, P.R.

CIVIL NO. 98-2386 (JP)          2

Laws Ann. tit. 29 §§ 155-155l; Law No. 3, P.R. Laws Ann. tit. 29 § 467; Law No. 80, P.R. Laws Ann. tit. 29 § 185(a); and Articles 1802 and 1803 of the Civil Code of Puerto Rico, P.R. Laws Ann. tit. 31 §§ 5141, 5142.

Plaintiffs Maldonado, Lazo, and Lázaro allege that they were discriminated against by AT&T, AT&T-PR, José Felipe ("Felipe"), former President of AT&T-PR, Richard Luna ("Luna"), AT&T-PR Director of Sales and Marketing, and Luis Figueroa ("Figueroa"), Human Resources Director of AT&T-PR, on the basis of gender in violation of Title VII, and that they were compensated less than similarly qualified men in similar positions in violation of the Equal Pay Act and the Fair Labor Standards Act ("FLSA"). The husbands of Maldonado, Lazo, and Lázaro seek relief under Articles 1802 and 1803 of the Civil Code of Puerto Rico for damages caused to them by Defendants' tortious actions against their wives.

In a separate Opinion and Order, the Court dismissed Maldonado, Lazo, and Lázaro's sexual harassment and hostile work environment claims; Maldonado and Lazo's retaliation claims; Maldonado, Lazo and Lázaro's Title VII claims and Puerto Rico law claims against the individual Defendants Luna and Figueroa in their personal capacities; Lazo's Title VII claims accruing prior to

AO 72A
(Rev.8/82)

CIVIL NO. 98-2386 (JP)                 3

February 25, 1997, including claims for pregnancy discrimination and discriminatory denial of salary increases; and Lázaro's Title VII claims accruing prior to February 22, 1997, including claims for pregnancy discrimination and failure to promote.

## II. DISCUSSION

Co-Defendants move the Court to sever Maldonado, Lazo, and Lázaro's claims, and those of their respective spouses, on the grounds that those claims were improperly joined under Rule 21 of the Federal Rules of Civil Procedure, and in the alternative move for separate trials under Rule 42(b). Co-Defendants contend that this action in reality involves three separate lawsuits arising from three distinct factual situations. Although co-Defendants admit that some of the claims of the Maldonado, Lazo, and Lázaro rely on the same legal theories, they contend that the facts pertaining to each of the claims are quite different. As a result, co-Defendants believe that jury confusion will result, causing prejudice to the Defendants. Plaintiffs counter that they meet the requirements for permissive joinder under Rule 20(a) of the Federal Rules of Civil Procedure because co-Defendants have failed to carry their burden of demonstrating that bifurcation of the case under Rule 42 is necessary.

CIVIL NO. 98-2386 (JP)                              4

### A.  Plaintiffs' Allegations

The Complaint states that Plaintiffs Maldonado, Lazo, and Lázaro, all married women with children, worked for AT&T-PR in the Sales and Marketing Division.  Plaintiffs allege that they "have been the victims of continuous discriminatory practices and policies" against women.  (Compl. ¶¶ 18, 21).  The Complaint avers that:

> male co-workers who performed less effectively constantly received unfounded excellent evaluations, preferential treatment in assignment of clients, and territories, and opportunities for career advancement and promotions . . . . Male employees were given the best territories and were paid commissions which had been previously denied to plaintiffs and other women in the same positions.

(Compl. ¶ 19).  Maldonado, Lazo, and Lázaro commenced employment at AT&T-PR in 1988.  Maldonado was hired as a Systems Consultant, and later rose through the ranks of AT&T-PR as an Account Executive, Strategic Alliances Manager, and then as Business Sales Manager for Major Accounts Group.  As Business Sales Manager for Major Accounts Group, Maldonado reported to the Director of Sales and Marketing. Lazo was hired as an Events Coordinator, and later acted as both Area Manager for Business Marketing and Project Manager in the Marketing Department.  Lázaro began as a contract employee in the Marketing Department, and was then promoted to the position of

CIVIL NO. 98-2386 (JP)                5

Marketing Consultant. She was later transferred to the Sales Department and named Account Executive.

The Complaint indicates that in July 1997, Maldonado and Lazo were denied the opportunity to apply for the position of Director of Sales and Marketing for AT&T-PR when that position was given to Luna without a prior posting of the vacancy consistent with AT&T-PR policies. The Complaint states that upon information and belief, Felipe and Figueroa knew about and participated in the selection of Luna to occupy the position of Director of Sales and Marketing, to the exclusion of Maldonado and Lazo.

Then, in late August 1997, the Sales and Marketing Department of AT&T-PR was restructured. Male managers participated in planning the restructuring, while female managers with children, including Maldonado and Lazo, were excluded from planning meetings. After the restructuring, Maldonado was given fewer employees to work with, a less profitable and more difficult sales territory, and a higher sales quota; Lazo's administrative support was taken away from her; and Lázaro's income was substantially reduced.

**B.   Joinder of Parties under Rules 20 and 21**

Rule 20(a) sets forth the elements for permissive joinder of parties. To join together in one action, two requirements must be met: (1) the right to relief asserted by each plaintiff must

CIVIL NO. 98-2386 (JP)                6

arise out of the same transaction, occurrence, or series of transactions or occurrences, and (2) a question of law or fact common to all plaintiffs will arise in the action. See Fed. R. Civ. Proc. 20(a); <u>Coughlin v. Rogers</u>, 130 F.3d 1348, 1351 (9th Cir. 1997). Rule 21, entitled "Misjoinder or Non-Joinder of Parties," provides that "Misjoinder of parties is not grounds for dismissal of the action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action . . . ." Fed. R. Civ. Proc. 21. Parties are improperly joined when they "fail to satisfy either of the preconditions for permissive joinder of parties set forth in Rule 20(a)." 7 C. Wright, A. Miller & M. Kane, <u>Federal Practice & Procedure: Civil 2d</u>, § 1638 at p. 1443 (1986). The requirements of Rule 20(a) are construed liberally in order to promote the broadest scope of action consistent with fairness to the parties. <u>See Matthews Metals Products, Inc. v. RBM Precision Metal Products, Inc.</u>, 186 F.R.D. 581, 583 (N.D. Cal. 1999) (citing <u>League to Save Lake Tahoe v. Tahoe Regional Planning Agency</u>, 558 F.2d 914, 917 (9th Cir. 1977)). In the instant action, Plaintiffs satisfy both preconditions for permissive joinder in Rule 20(a). As indicated earlier, co-Defendants do not dispute that Plaintiffs satisfy the

CIVIL NO. 98-2386 (JP)                7

second prong of the test under Rule 20(a), as they have admitted that there are issues of law common to all three parties. With respect to the first prong, Plaintiffs have demonstrated that the right to relief asserted by each of them arises out of the same transaction, occurrence, or series of transactions or occurrences. Maldonado, Lazo, and Lázaro all worked for AT&T-PR in the Sales and Marketing Division. All allege failure to promote within the Sales and Marketing Division on account of their gender, disadvantageous treatment under the August 1997 reorganization of the Sales and Marketing Division, the provision of lower salary grades and salaries than male co-workers performing identical or similar work, and discriminatory treatment under the same decision makers. These common facts constitute the basis of the right to relief raised by each Plaintiff, thereby satisfying the first prong of Rule 20(a). See Lott v. Eastman Kodak Co., No. 3:97-CV-2560-P, 1999 WL 242688, *3 (N.D. Tex. Apr. 16, 1999) (finding joinder of two plaintiffs working in same division of company proper in age discrimination case); see also Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974) ("Absolute identity of all events is unnecessary."). The Court therefore **DENIES** co-Defendants' motion to sever.

CIVIL NO. 98-2386 (JP)                8

### C. Separate Trials Under Rule 42(b)

Co-Defendants ask the Court to order a separate trial of each Plaintiff's claims in order to avoid jury confusion. Rule 42(b) reads as follows: "The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, . . . or of any separate issue . . . ." Fed. R. Civ. Proc. 42(b). The moving party bears the burden of proving that separate trials are justified. See THK Am., Inc. v. Nippon Seiko K.K., 141 F.R.D. 463 (N.D. Ill. 1991).

Co-Defendants point to the large number of claims advanced by each Plaintiff as grounds for ordering separate trials. Subsequent to the filing of co-Defendants' motion, however, the Court dismissed a number of the claims advanced by Plaintiffs. The Court finds, therefore, that there is little risk of jury confusion or prejudice, and that co-Defendants have failed to sustain their burden of proving that separate trials are justified at this stage in the litigation. The Court therefore **DENIES** co-Defendants' motion for separate trials. Should discovery reveal that bifurcation is appropriate, however, co-Defendants may renew their Rule 42(b) motion.

CIVIL NO. 98-2386 (JP)				9

### III. CONCLUSION

For the reasons stated above, co-Defendants' motion to sever parties and for separate trials is hereby **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this /04 day of November, 1999.

				JAIME PIERAS, JR.
				U.S. SENIOR DISTRICT JUDGE

AO 72A
(Rev.8/82)