IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LILLIAM MALDONADO CORDERO, et al.    *
                                      *
        Plaintiffs                    *
                                      *
vs.                                   *    CIVIL NO. 98-2386 (JP)
                                      *
AT&T, et al.                          *
                                      *
        Defendants                    *
_____*


## OPINION AND ORDER

The Court has before it named co-Defendant AT&T's Motion for Summary Judgment (**docket No. 20**) and Plaintiffs' Opposition thereto (docket No. 33). This is an action for damages, declaratory, and injunctive relief filed by Plaintiffs under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e - 2000e-15; the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d); the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 215-217; and Puerto Rico's Law No. 100, P.R. Laws Ann. tit. 29 § 146; Law No. 69, P.R. Laws Ann. tit. 29 § 1321; Law No. 17, P.R. Laws Ann. tit. 29 §§ 155-155l; Law No. 3, P.R. Laws Ann. tit. 29 § 467; Law No. 80, P.R. Laws Ann. tit. 29 § 185(a); and Articles 1802 and 1803 of the Civil Code of Puerto Rico, P.R. Laws Ann. tit. 31 §§ 5141, 5142. Plaintiffs are Lilliam Maldonado-Cordero ("Maldonado"), María M. Lazo-Macías ("Lazo"), Carmen H. Lázaro-Vicéns

AO 72A
(Rev.8/82)

CIVIL NO. 98-2386 (JP)                    2

("Lázaro"), their respective husbands, Carlos Alberto Mercado-Rivera, Carlos Marce-Fajardo, and José Angel Rodríguez-Montes, and the conjugal partnerships constituted between them.

In its Motion for Summary Judgment, co-Defendant AT&T argues that although Plaintiffs' Complaint names "AT&T" as a co-Defendant in this action, "AT&T" is a service mark or trademark and not a legal entity capable of being sued. It requests dismissal of the Complaint against it and the imposition of attorneys' fees and costs on Plaintiffs. The sole support for its motion is a copy of the summons on AT&T and an affidavit from an in-house attorney for AT&T Corp. indicating that "AT&T" is a service mark/trademark with no "capacity to sue or be sued." Aff. of Juanita G. de Roos, Mar. 8, 1999.

Plaintiffs respond that the Complaint clearly identifies AT&T as a corporate entity with a capacity to be sued, by indicating that the corporation is organized under the laws of Delaware, authorized to do business in Puerto Rico, and has its headquarters and principal place of business in New Jersey. Plaintiffs argue that even if the corporate name was not accurately stated in the Complaint, because the correct name is "AT&T Corp.," the remedy should be to permit an amendment of the pleadings under Rule 15(c), not to dismiss the

CIVIL NO. 98-2386 (JP)                    3

Complaint against AT&T. See Datskow v. Teledyne, Inc., 899 F.2d 1298 (2d Cir. 1990); see also Radio Parts Co. v. Lowry, 125 B.R. 932, 941-41 (D. Md. 1991) (permitting amendment of pleadings to correct misnomer where complaint sufficiently alerted defendant that it was the party being sued). The Court agrees.

In Datskow, the plaintiffs mislabeled a corporate defendant in their complaint as "Teledyne, Inc., Continental Products Division," when the correct corporate name was "Teledyne Industries, Inc." The court found that plaintiffs "had not selected the wrong defendant but committed the lesser sin of mislabeling the right defendant . . . ." Datskow, 899 F.2d at 1301. The plaintiffs in that case had identified the defendant by making it clear that the entity they wished to sue was the manufacturer of the engine in the plane that crashed and they listed in the caption of the complaint the mailing address of the entity they wished to sue. See id. The court concluded that plaintiffs' complaint had sufficiently alerted the correct corporate defendant that it was the corporation being sued. See id. at 1302.

Similarly, Plaintiffs in the case sub judice made clear that the entity they wished to sue is AT&T Corp., the parent company of AT&T Puerto Rico, Inc. (Compl. ¶ 12). In the Complaint, Plaintiffs also

AO 72A
(Rev.8/82)

CIVIL NO. 98-2386 (JP)                           4

list AT&T's place of incorporation, and the location of its headquarters and principal place of business. (Compl. ¶ 11). Significantly, co-Defendant AT&T does not contend insufficiency of service of process. Service was made on AT&T through its Chairman and CEO, C. Michael Armstrong, at 295 North Maple Ave./Room 4445K1, Basking Ridge, NJ 07920-1002. In view of the above and pursuant to Datskow, this is a case of mere mislabeling that does not merit the dismissal of the Complaint against co-Defendant AT&T. See id. Thus, the Court will permit Plaintiffs to amend the Complaint under Rule 15(c) to change the name of co-Defendant AT&T to "AT&T Corp." See Langhorne v. J.I. Case Threshing Co., Civ. No. 96-1496, 1997 WL 652357, *1-2 (E.D.N.Y. Sept. 29, 1997) (in case of mislabeling of defendant, what is "called for is not summary judgment, but merely the amendment of the caption of the complaint to name the proper party"); see also Radio Parts, 125 B.R. at 941 (leave to amend caption is appropriate in misnomer case where plaintiff serves correct party but mistakenly uses wrong name); Shoap v. Kiwi S.A., 149 F.R.D. 509, 511 (M.D. Pa. 1993) (same). Co-Defendant AT&T's Motion for Summary Judgment is therefore **DENIED**.

CIVIL NO. 98-2386 (JP)                5

It is further **ORDERED** that in light of the Court's decision in this matter, AT&T Corp. **SHALL** file an amended Answer to the Complaint on or before **November 8, 1999**, and **SHALL** serve the amended Answer on all interested parties by fax on that same date, so that the parties to this action are aware of co-Defendant AT&T Corp.'s position prior to the Initial Scheduling Conference on November 9, 1999.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 3rd day of NOV, 1999.

JAIME PIERAS, JR.
U.S. SENIOR DISTRICT JUDGE