UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RECEIVED & FILED
'00 FEB -3 AM 8 16
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P R

LILLIAM MALDONADO-CORDERO, et al.,
    Plaintiffs

vs.                                                                            CIVIL NO. 98-2386 (JP)

AT&T, et al.,
    Defendants

## ORDER

| MOTION | RULING |
|---|---|
| **Date Filed:** January 14, 2000; January 21, 2000<br>**Docket #:** 91, 93<br>[X] **Plffs**  [X] **Defts**<br><br>**Title:** Motion Requesting Order to Clarify Record and to Request Remedy Pursuant to Rule 56(f) FRCP; Opposition to Plaintiffs' Motion Requesting Order to Clarify Record and to Request Remedy Pursuant to Rule 56(f) FRCP | Plaintiffs ask for clarification as to whether, in the ISC, the Court had ordered Defendants to produce an AT&T Corp. representative for a deposition on January 14, 2000 at 9:00 a.m. to enable Plaintiffs to respond to AT&T Corp's motion to dismiss / motion for summary judgment. Although this Order was not included in the ISC Order, the Court, upon review of its notes of the ISC, has confirmed that this deposition was indeed ordered at the ISC to take place on January 14, 2000 but inadvertently omitted from the ISC Order. The Court is baffled, however, as to why Plaintiffs have not informed the Court of Defendants' refusal to produce this witness until today, the day the deposition was to take place. Although the Court would be inclined to hold Plaintiffs responsible for their oversight in failing to come to the Court in a timely fashion, the Court will not do so because it finds that Defendants cannot deny that this deposition was scheduled. Subsequent to the issuance of the ISC Order, it is obvious that Defendants combed through the document to compare it with their notes at the ISC, and later submitted to the Court several detailed amendments to the ISC Order reflecting the discussion and Orders discussed at the ISC. Under these circumstances, the Court simply cannot believe that Defendants can maintain that the deposition was not to take place. The Court also notes that all Orders issued orally at the ISC are effective at the time they are given, and the parties are responsible for writing down those orders and following them without waiting for the written order to follow. Therefore, the Court hereby **ORDERS** that on or before **February 4, 2000**, Defendants **SHALL** designate an AT&T Corp. employee and inform the name of that official to Plaintiffs along with a summary of his or her testimony. The deposition of this AT&T Corp. employee **SHALL** take place on **February 12, 2000 at 9:00 a.m.** at the offices of Plaintiffs' attorneys. Plaintiffs, then, **SHALL** file their Opposition to co-defendant AT&T Corp.'s Motion to Dismiss / Motion for Summary Judgment on or before **February 29, 2000**. |

Date: 2/2/00

JAIME PIERAS, JR.
U.S. Senior District Judge

Rec'd:                    EOD:

By:                      # 100