IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LILLIAM MALDONADO CORDERO, et al.    *
                                     *
        Plaintiffs                   *
                                     *
vs.                                  *    CIVIL NO. 98-2386 (JP)
                                     *
AT&T, et al.                         *
                                     *
        Defendants                   *
                                     *
_____

## O R D E R

### I.  INTRODUCTION

Before the Court are the parties' memoranda addressing the issue of whether Plaintiffs' Lilliam Maldonado and María M. Lazo's retaliation claims are time-barred (**docket Nos. 79, 81, 88**). Also before the Court are numerous motions filed by both parties, several voluminous, concerning discovery and other pretrial matters. The Court will address each of these matters in turn.

### II. DISCUSSION

#### A.    Retaliation Claims of Maldonado and Lazo

In an earlier Opinion and Order, the Court dismissed the retaliation claims of Plaintiffs Maldonado and Lazo because those claims were pending before the EEOC. In so holding, the Court noted that because Plaintiffs had chosen to avail themselves of the EEOC's administrative complaint process, the Court would refrain from addressing those claims in this forum. Maldonado and Lazo

CIVIL NO. 98-2386 (JP)                    2

subsequently notified the Court that they had voluntarily dismissed
the administrative action, and presented to the Court right-to-sue
letters from the EEOC for the retaliation claims.  The Court then
reinstated the retaliation claims of Maldonado and Lazo.

Defendants argue that Plaintiffs failed to bring their
retaliation claim within 90 days of the issuance of a right-to-sue
letter from the EEOC.  See 42 U.S.C. § 2000e-5(f)(1).  Before
addressing the substance of the law, however, it is necessary to
present some background.  Maldonado and Lazo filed their
administrative charges with the EEOC on November 21, 1997.  They were
discharged on July 21, 1998, while the administrative process was
still underway.  The EEOC then issued right-to-sue letters to
Maldonado and Lazo on November 9, 1998, and a civil action was
instituted, raising claims of discrimination and retaliation, on
December 10, 1998.

On February 18, 1999, Defendants filed a motion to dismiss,
raising the argument that Plaintiffs failed to exhaust administrative
remedies for their retaliation claims.  Although the alleged
retaliatory acts had occurred while the administrative complaint was
pending before the EEOC, Maldonado and Lazo had not amended their
EEOC charges to reflect this fact.  Maldonado and Lazo, as a
defensive measure, proceeded to file separate EEOC charges for the

AO 72A
(Rev.8/82)

CIVIL NO. 98-2386 (JP)                    3

retaliatory acts.   The EEOC issued right-to-sue letters for those claims on July 20, 1999.

In general, an act of retaliation that arises after a charge of discrimination has been filed with the EEOC and before the right-to-sue letter is issued is considered to be within the scope of the original charge for purposes of exhaustion.   See Simms v. Oklahoma ex rel. Dept. of Mental Health, 165 F.3d 1321, 1327 (10th Cir. 1999) (quoting Seymore v. Shawner & Sons, Inc., 111 F.3d 794, 799 (10th Cir.), cert. denied, __ U.S. __, 118 S. Ct. 342, 139 L.Ed.2d 266 (1997)); Malarkey v. Texaco, Inc., 983 F.2d 1204, 1209 (2d Cir. 1993); see also Anderson v. Block, 807 F.2d 145, 149 (8th Cir. 1986) (holding that retaliation claim was like or reasonably related to administrative charge alleging sex discrimination).   If, however, the retaliatory act occurs prior to the EEOC filing and the employee fails to allege retaliation in a subsequent or amended charge, the retaliatory act ordinarily will not be considered within the scope of the original charge for purposes of exhaustion.   See Simms, 165 F.3d at 1327 (citing Seymore, 111 F.3d at 799).   In Seymore, the Tenth Circuit explained that this rule "obviates the need for filing repetitive complaints with the Equal Employment Opportunity Commission where the defendant engages in retaliatory acts after a complaint has been filed" with the EEOC.   Seymore, 111 F.3d at 799.

CIVIL NO. 98-2386 (JP)                    4

As the above explication of the law demonstrates, because the retaliatory acts occurred after the filing of an EEOC charge and before issuance of a right-to-sue letter, Maldonado and Lazo were not obligated to file a separate retaliation charge before the EEOC. The retaliation claim, therefore, was properly before this Court upon the filing of the Complaint. As explained in its previous Opinion and Order, this Court chose not to exercise concurrent jurisdiction over the retaliation claims to the extent that those claims were still before the EEOC, as such would constitute a waste of judicial resources. Nonetheless, once those claims were dismissed before the EEOC, the Court's rationale for not hearing those claims evaporated.

Defendants' argument that Plaintiffs' retaliation claims are barred for failure to bring those claims before the Court, when they were already before it, is both circular and patently absurd. Plaintiffs could hardly be expected to amend their Complaint, after receipt of the July 20, 1999 EEOC right-to-sue letter, to add a claim that was already there. As such, the Court hereby **DENIES** Defendants' motion.

**B.    Discovery Matters**

The Court will now address the motions relating to discovery. It will resolve these motions with an eye towards implementing both the terms and the spirit of the ISC Order that set forth the roadmap

CIVIL NO. 98-2386 (JP)                    5

for discovery in this case.   The crux of the majority of the motions

inundating the Court (**docket Nos. 90, 92, 94, 95, 96, 97, 102, 104,**

**107, 109, 110, 111**) is an accusation launched by Defendants to the

effect that Plaintiffs have not complied in good faith with the

discovery schedule set forth in the ISC Order.   Many of the issues

raised by the parties in this first round of motions-filing have

sorted themselves out, and thus any intervention by the Court is

rendered unnecessary as to those issues.   For example, Plaintiffs

sought to switch the deposition dates of Maldonado and Lazo, but

withdrew    their    request    after    Defendants    manifested    their

unwillingness to do so.   The only issues left for the Court to rule

on for the above-listed motions concern the alleged non-production

by  Plaintiffs  and  Defendants  of  certain  discovery,  and  late

production of Plaintiffs' economic expert report.

     It appears to the Court that most if not all of the documents and

answers  to  interrogatories  now  have  been  produced,  and  that  any

outstanding documents not produced by Plaintiffs are outside of their

possession  and  control.    Nonetheless,  on  or  before  **May  5,  2000,**

Plaintiffs **SHALL** inform the Court as to the status of their requests

for those documents and current efforts to expedite their production,

including tax returns, the medical records of Dr. Judy Fernández, and

academic  records.    The  Court  **NOTES**  that  Maldonado  has  already

CIVIL NO. 98-2386 (JP)                    6

produced all requested tax returns.  With respect to Defendants'

response to Plaintiffs' interrogatories as to the organizational and

hierarchical relationship between AT&T-PR and AT&T Corp., and the

relationship between Luis Figueroa and Harold Burlingame, the Court

finds that the same is insufficient and **ORDERS** Defendants to produce

to Plaintiffs and to the Court, on or before **May 5, 2000**, (1)  the

names of the officers of both corporations and the positions they

hold; and (2)  the names of the human resources supervisory and

managerial personnel at AT&T Corp. and AT&T-PR and their respective

positions, and to whom each supervisory employee of AT&T-PR reports.

The Court will now take up the issue of Plaintiffs' economic

expert.  The Court ordered Plaintiffs, in the ISC Order, to produce

their economic expert's report on or before January 10, 2000.  After

passage of that date without production of the report, Defendants'

requested the Court to strike Plaintiffs' economic expert from the

witness list and preclude him from offering evidence at trial.

Plaintiffs then informed the Court of a conflict with their selected

expert, Dr. Carlos Toro, and indicated that they intended to

substitute Dr. Ramón Cao as their economic expert.   Plaintiffs

requested the date of March 12, 2000 for the production of Dr. Cao's

report.  Dr. Cao's report was produced on March 20, 2000.

CIVIL NO. 98-2386 (JP)                7

The Court utilizes the Initial Scheduling Conference and the ISC Order as a blueprint for discovery.  The purpose of the ISC is to bring the parties together at an early stage of a case to learn of their respective positions, narrow the factual and legal issues in dispute, and to set forth an efficient discovery schedule that will reduce the cost and delay that continue to plague the federal courts. The Court does not permit unilateral deviations from the ISC Order, and holds the parties accountable for any such actions.   Because Plaintiffs  unilaterally  deviated  from  the  ISC  Order,  without consultation with the Court for an extension before the deadline and new proposed deadline had passed, and resulting in prejudice to Defendants, sanctions are in order.  The Court finds that while dismissal of the Complaint would be an extreme measure at this stage, Dr.  Ramón  Cao  witness  is  hereby  **EXCLUDED**  from  testifying  on Plaintiffs' behalf at trial.

Finally, the Court addresses several miscellaneous motions as follows:

1.  The Court **DENIES** Defendants' request for leave to file a reply to Plaintiffs' Opposition to Defendants' motion for summary judgment (**docket Nos. 108, 120**).  Defendants initially requested an extension of time to run from 20 days after Plaintiffs produced the deposition transcript of José Felipe.  Defendants now inform the

CIVIL NO. 98-2386 (JP)              8

Court that this transcript was already produced, but fail to mention the date of its production, and seek an additional extension of time to May 4, 2000.  The production or non-production of a deposition transcript is simply not grounds for an extension; Defendants should have taken notes at the deposition.  There being no justification for an extension and in light of the fact that Plaintiffs' opposition was filed on February 29, 2000, the request for an extension to May 4, 2000 is unreasonable is hereby **DENIED**.

2.  The Court hereby **ORDERS**, in response to the parties' motions detailing conflicts with the deposition schedule (**docket Nos. 112, 113**) that

a)    the deposition of Marie Santana, canceled due to illness on the part of Defendants' counsel, shall take place <u>on a date to be named by Plaintiffs</u>, and Plaintiffs shall personally notify Defendants of this date 10 days in advance.  Defendants' failure to produce this witness on that date will result in sanctions, including but not limited to an instruction to the jury to the effect that Defendants obstructed the taking of this witness's deposition;

AO 72A
(Rev.8/82)

CIVIL NO. 98-2386 (JP)                    9

b)    the deposition of Linn Brammel shall also take place on a date to be named by Plaintiffs with 10 days' personally delivered advance notice to Defendants.    Defendants' failure to produce this witness on that date will result in sanctions, including but not limited to an instruction to the jury to the effect that Defendants obstructed the taking of this witness's deposition. Defendants shall bear the responsibility of producing this witness and the cost of bringing the witness to Puerto Rico for the deposition;

c)    Defendants are ordered to produce Gina Riley for a deposition on **May 11, 2000.**  Failure to produce the witness on this date will result in sanctions;

d)    the Court **GRANTS** leave to Plaintiffs to take the deposition of Mercedes Barreras, a former employee of AT&T and AT&T-PR.  Defendants are ordered to produce forthwith to Plaintiffs the current work and home addresses of Mercedes Barreras;

e)    the depositions of Dr. Carlos Falcón and Dr. Judy Fernández, witnesses for Plaintiffs, shall take place on a date to be named by Defendants with 10 days' advance notice personally delivered to Plaintiffs.    If necessary, these witnesses shall be

CIVIL NO. 98-2386 (JP)                    10

subpoenaed to compel their attendance.  However, the continuation of

the deposition of Dr. Fernández shall be limited to no more than two

hours.  Plaintiffs' failure to ensure the production of these

witnesses on the date indicated by Defendants will result in

sanctions, including but not limited to their exclusion from

testifying on behalf of Plaintiffs;

       f)    the depositions of Wanda Cooper and Israel Ortiz shall

take place <u>on a date to be named by Defendants</u> with 10 days' advance

notice personally delivered to Plaintiffs.  Plaintiffs' failure to

ensure the production of the witness on the date indicated by

Defendants will result in sanctions, including but not limited to

their exclusion from testifying on behalf of Plaintiffs.

       3.    The Court **NOTES** that Plaintiffs have identified several

witnesses named in the ISC Order who will not be used at trial

(**docket No. 114**).

       4.    The Court **GRANTS** both Plaintiffs' and Defendants' motions

identifying additional witnesses to be used at trial (**docket Nos.**

**115, 117**) and Plaintiffs' motion identifying additional documentary

evidence (**docket No. 119**).

       5.    The Court **DENIES** Plaintiffs' request to file an amended

CIVIL NO. 98-2386 (JP)                    11

Complaint for the limited purpose of adding the retaliation claim of

Carmen Lázaro (**docket No. 118**) because, although the Puerto Rico

Anti-Discrimination Unit issued a right-to-sue letter on March 24,

2000, the EEOC has not yet issued a right-to-sue letter.  As such,

administrative remedies have not yet been exhausted as to this

claim.[1]  Nonetheless, in the interests of judicial economy, should

the EEOC issue a right-to-sue letter on or before **May 31, 2000**,

Plaintiffs may renew their motion at that time, but must file the

motion **within two days** of receiving the EEOC right-to-sue letter,

exclusive of holidays or weekends.  The Court will not grant any

continuances for the trial should a right-to-sue letter be issued and

the motion to amend the pleadings be granted, however, as this claim

is closely related to the other allegations raised by this Plaintiff

and no new discovery on that issue will be necessary.  Furthermore,

the parties have ample notice that the addition of this claim is a

distinct possibility.

---

[1]     The status of Lázaro's retaliation claim is distinct
        from that of Maldonado or Lazo.  In Lázaro's case, the
        alleged retaliatory acts took place *after* the EEOC
        issued the right-to-sue letters.  Thus, she is required
        to exhaust her retaliation claim with the EEOC, through
        the presentation of a separate EEOC charge, before it
        is brought before this Court.

CIVIL NO. 98-2386 (JP)                    12

    6.    The Court **GRANTS** Plaintiffs' request for reimbursement of

travel expenses for Plaintiffs' witness, Alex Verna, who relocated

from Puerto Rico to Washington, DC subsequent to the celebration of

the ISC (**docket No. 116**).  As Plaintiffs were ordered to bear the

cost of bringing witnesses for Defendants to Puerto Rico for

deposing, Defendants must bear the same cost for Plaintiffs'

witnesses.    Defendants **SHALL** reimburse the costs outlined in

Plaintiffs' motion on or before **May 15, 2000**, and shall so certify

to the Court by motion on that same date.

    **IT IS SO ORDERED AND ADJUDGED.**

    In San Juan, Puerto Rico, this 3rd day of May, 2000.

                                JAIME PIERAS, JR.
                          U. S. SENIOR DISTRICT JUDGE