IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LILLIAM MALDONADO CORDERO, et al. *
                                                    *
    Plaintiffs                           *
                                                    *
vs.                                                      *        CIVIL NO. 98-2386 (JP)
                                                    *
AT&T, et al.                      *
                                                    *
    Defendants               *
                                                    *

## O R D E R

Before the Court is Plaintiffs' Rule 60(b)(5) Motion to Amend Partial Judgment and Reinstate Puerto Rico Law 100 and Law 69 Claims Against Individual Codefendants (**docket No. 165**) and Defendants' Opposition thereto (docket No. 175). In an Opinion and Order dated November 1, 1999, the Court dismissed with prejudice Plaintiffs' state law claims against individual Co-defendants Richard Luna, Luis Figueroa, and José Felipe[1] on the grounds that there was no individual liability under Laws 100 and 69. Then, on June 29, 2000, the Supreme Court of Puerto Rico issued a decision in which it recognized, for the first time, individual liability under Puerto Rico Laws 100, 69, and 17. See Rosario Toledo v. Distribuidora Kikuet, - D.P.R. - , 2000 WL 943550 (P.R. 2000). Plaintiffs thus

---

[1] The Court clarified in an Amended Partial Judgment that the dismissal against the individual co-Defendants included individual Co-defendant José Felipe, who had joined the motion to dismiss by separate motion.



CIVIL NO. 98-2386 (JP)                    2

request that the Court reinstate their claims under Laws 100 and 69 for gender discrimination against these individual co-Defendants. Defendants oppose such reinstatement, arguing that these individual co-Defendants would be prejudiced by their last minute addition to the case, given that extensive discovery was performed without specific inquiry into the nuances of a case predicated upon a theory of individual liability, and in light of the trial set for August 7, 2000.[2]

Plaintiffs are correct that the law of the case may be modified by a change in state law during the pendency of a case at the trial level or on appeal. See Technical Coating Applicators, Inc. v. U.S. Fidelity & Guaranty Co., 157 F.3d 843, 845 (11th Cir. 1998); American Economy Ins. Co. v. Reboans, Inc., 900 F. Supp. 1246, 1251 (N.D. Cal. 1994); Commerce Oil Refining Corp. v. Miner, 303 F.2d 125 (1st Cir. 1962). In light of the Supreme Court of Puerto Rico's recent decision, this Court finds that modification of the Court's dismissal with prejudice is appropriate. Notwithstanding, reinstatement of the gender discrimination claims against the individual Co-defendants

---

[2] Defendants also contend that the reasons for which the Court dismissed Plaintiffs' sexual harassment and hostile work environment claims under Laws 100, 69 and 17 are still valid and are not modified by the Rosario Toledo decision. The Court understands the instant motion filed by Plaintiffs seeks only to reinstate the state law claims of gender discrimination, not sexual harassment/hostile work environment.

CIVIL NO. 98-2386 (JP)                    3

just one week prior to trial, when they have not been a party to the case since the issuance of the November 1, 1999 Opinion and Order, did not participate in the taking of discovery, and have not had the opportunity to depose witnesses or present dispositive motions posited on the issue of individual liability, would be unfair and unduly prejudicial to Defendants.

Therefore, the Court hereby **AMENDS** its Opinion and Order and Partial Judgment of November 1, 1999 (docket Nos. 62, 63), and the Amended Partial Judgment (docket No. 75) to reflect that the dismissal of the claims of gender discrimination against individual Co-defendants Richard Luna, Luis Figueroa, and José Felipe under Puerto Rico Laws 100 and 69 is **WITHOUT PREJUDICE**.

**IT IS SO ORDERED AND ADJUDGED.**

In San Juan, Puerto Rico, this 31 day of July, 2000.

JAIME PIERAS, JR.
U. S. SENIOR DISTRICT JUDGE

AO 72A
(Rev.8/82)