IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LILLIAM MALDONADO CORDERO, et al.,    *
                                      *
        Plaintiffs                    *
                                      *
vs.                                   *        CIVIL NO. 98-2386 (JP)
                                      *
AT&T, et al.,                         *
                                      *
        Defendants                    *
_____*

## OPINION AND ORDER

### I.    INTRODUCTION

Before the Court is Co-defendant AT&T Corporation's Motion to
Dismiss and/or for Summary Judgment for Lack of Personal Jurisdiction
over AT&T Corporation and Memorandum of Law in Support Thereof
(**docket No. 78**), AT&T Corporation's Statement of Undisputed Material
Facts (docket No. 83), and Plaintiffs' Opposition to AT&T Corp.'s
Motion for Summary Judgment (docket No. 106). Also before the Court
is Defendants AT&T of Puerto Rico, Inc. and AT&T Corporation's Motion
for Summary Judgment (**docket No. 147**); Plaintiffs' Motion and
Memorandum in Opposition to Defendants' Motion for Summary Judgment
(docket No. 156) and Motion Supplementing Plaintiffs' Opposition to
Summary Judgment (docket No. 174). Plaintiffs are Lilliam Maldonado-
Cordero ("Maldonado"), María M. Lazo-Macías ("Lazo"), Carmen H.
Lázaro-Vicéns ("Lázaro"), their respective husbands, Carlos Alberto
Mercado-Rivera, Carlos Marce-Fajardo, and José Angel Rodríguez-
Montes, and the conjugal partnerships constituted between them.

AO 72A
(Rev.8/82)

CIVIL NO. 98-2386 (JP)                    2


## II.  DISCUSSION

### A.    Personal Jurisdiction

Co-defendant AT&T Corporation ("AT&T Corp.") argues that the Court should dismiss the Complaint against it for lack of personal jurisdiction.  AT&T Corp. asserts that because it has no contacts with the forum and because it maintains a separate and distinct corporate entity from its Puerto Rico subsidiary, AT&T of Puerto Rico, Inc., this Court may not exercise personal jurisdiction over it.  Plaintiffs counter that a close and direct relationship between the parent company and its subsidiary regarding crucial aspects of operation justify this Court's exercise of personal jurisdiction over AT&T Corp.

A plaintiff has the burden of proving the facts necessary to show the existence of personal jurisdiction over the defendant.  See Rodríguez v. Fullerton Tires Corp., 115 F.3d 81, 83 (1st Cir. 1997); Foster Miller, Inc. v. Babcock & Wilcox Canada, 46 F.3d 138, 144 (1st Cir. 1995); Boit v. Gar-Tec, Inc., 967 F.2d 671, 675 (1st Cir. 1992). In ruling on a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, as is the case here, dismissal is only proper if the plaintiff has failed to make a prima facie showing of jurisdiction.  In making a prima facie showing, the Court takes specific facts affirmatively alleged by the plaintiff as true and "construe[s] them in the light most congenial to the plaintiff's

CIVIL NO. 98-2386 (JP)                    3

jurisdictional claim." <u>Massachusetts School of Law at Andover, Inc.</u>
<u>v. American Bar Ass'n</u>, 142 F.3d 26, 34 (1st Cir. 1998) (citing
<u>Ticketmaster-New York, Inc. v. Alioto</u>, 26 F.3d 201, 203 (1st Cir.
1994)).  The Court then "add[s] to the mix facts put forward by the
defendants, to the extent that they are uncontradicted."  <u>Id.</u>

Here, Plaintiffs allege that AT&T Corp. exercised control over
critical aspects of AT&T of Puerto Rico's operations, and that as a
result AT&T Corp. is subject to jurisdiction in this forum.  They
allege:  (1)  that AT&T Corp. designed all products and service
specifications, and that AT&T of Puerto Rico had no discretion to
change this specifications; (2)  that AT&T of Puerto Rico had no
discretion to opt out of AT&T Corp.'s global restructuring programs;
(3)  that AT&T Corp. considers AT&T of Puerto Rico to be a part of
AT&T Corp.; (4)  that AT&T of Puerto Rico employees traveled
frequently to AT&T Corp.'s offices in the continental United States
for working sessions on executing product marketing strategies; (5)
that the President of AT&T of Puerto Rico reports directly to the
President of the Caribbean and Latin American ("CALA") Region of AT&T
Corp.; (6)  that the President of AT&T of Puerto Rico is part of the
AT&T Corp.'s CALA Leadership Team; (7)  that the President of AT&T
of Puerto Rico was chosen by the AT&T Corp.'s CALA Leadership Team
and/or the CALA President; (8)  AT&T of Puerto Rico's First Level
Management job vacancies were filled by acting officials appointed

CIVIL NO. 98-2386 (JP)                 4

by AT&T Corp.; (9)  Second Level Managerial Officer evaluations at AT&T of Puerto Rico had to be approved by AT&T Corp.'s CALA Region President; (10)  complaints of internal discrimination at AT&T of Puerto Rico were investigated by AT&T Corp. officials; (11)  AT&T Corp. conducted job satisfaction surveys as well as annual performance appraisals of AT&T of Puerto Rico employees; (12)  AT&T Corp. prepared the identification cards of AT&T of Puerto Rico personnel; (13)  AT&T of Puerto Rico's budget, funding, and price listings come from AT&T Corp.; (14)  AT&T of Puerto Rico revenues have to be reported to AT&T Corp.; (15)  AT&T of Puerto Rico employees in the marketing department were often in daily contact with AT&T Corp. to provide feedback and follow-up on marketing campaigns.  Plaintiffs attach evidence of each of these allegations.

"The mere fact that a subsidiary company does business within a state does not confer jurisdiction over its nonresident parent, even if the parent is sole owner of the subsidiary." Escude Cruz v. Ortho Pharmaceutical Corp., 619 F.2d 902, 905 (1st Cir. 1980) (citing Cannon Manuf. Co. v. Cudahy Packing Co., 267 U.S. 333 (1925)); see also González v. Walgreens Co., 878 F.2d 560, 561 (1st Cir. 1989); Alvarado-Morales v. Digital Equipment Corp., 843 F.2d 613, 616-17 (1st Cir. 1988).  A court has jurisdiction over a foreign parent corporation based on the presence of its subsidiary in the forum where the operations of the parent and the subsidiary are

CIVIL NO. 98-2386 (JP)                    5

sufficiently intertwined, such that the subsidiary acts as an agent

for the parent.    See Tomra of North America, Inc. v. Environmental

Prods. Corp., 4 F. Supp.2d 90 (D. Conn. 1998); Brooks v. Bacardi Rum

Corp., 943 F. Supp. 559 (D. Pa. 1996); E&E Investment, Inc. v.

Simmons Co., 169 F.R.D. 467 (D. Puerto Rico 1996); United States v.

Arkwright, 690 F. Supp. 1133, reconsid. denied, 697 F. Supp. 1226

(D.N.H. 1988).   The plaintiff must present clear evidence that the

presumption of separateness should be overcome.  See Escude, 619 F.2d

at 905.   Here, the Court finds that Plaintiffs have satisfied their

burden of presenting prima facie evidence of jurisdiction over Co-

defendant AT&T Corp., the parent company of AT&T of Puerto Rico, Inc.

In particular, Plaintiffs have alleged and provided evidence that

corporate formalities were disregarded and that AT&T Corp. exercised

significant   control   over   the   product   offerings   and   marketing

operations of AT&T of Puerto Rico.   Therefore, the Court hereby

**DENIES** Co-defendant AT&T Corp.'s motion to dismiss and/or for summary

judgment.

   **B.    Summary Judgment**

   The Court has carefully considered the arguments raised by each

of the parties to this case in favor of and against the entry of

summary judgment. After such consideration, the Court has determined

that the entry of partial judgment in favor of Defendants dismissing

the pre-February 25, 1997 claims of Lilliam Maldonado under Title VII

CIVIL NO. 98-2386 (JP)                    6

of the Civil Rights Act of 1964 is appropriate.  The uncontradicted
deposition testimony of Co-plaintiff Maldonado is that she felt
discriminated at the time of the allegedly discriminatory acts
occurring prior to February 25, 1997.  In particular, Maldonado
states that she consistently felt discriminated throughout the years
during her tenure at AT&T of Puerto Rico.  As established by Sabree
v. United Brotherhood of Carpenters & Joiners Local No. 33, 921 F.2d
396, 402 (1st Cir. 1990), a plaintiff cannot successfully allege a
serial violation if she appreciates that she is being discriminated
against at the time those acts occur.  See also Thomas v. Eastman
Kodak Co., 183 F.3d 38, 54 (1st Cir. 1999) ("The continuing violation
doctrine ensure that . . . claims are not foreclosed merely because
the plaintiffs needed to see a pattern of repeated acts before they
realized that the individual acts were discriminatory.").  Failure
to link the pre-February 25, 1997 events to those occurring after
that date pursuant to a theory of continuing violation renders the
earlier claims time-barred under the administrative exhaustion
doctrine.  See Alexander v. Gardner-Denver Co., 415 U.S. 36, 47, 94
S. Ct. 1011, 1019, 39 L.Ed.2d 147 (1974).

As to the remaining claims, the Court concludes that there are
genuine issues of material fact which render the claims unsuitable
for summary disposition.

CIVIL NO. 98-2386 (JP)                    7

## III. CONCLUSION

In light of the foregoing, the Court hereby **DENIES** Co-defendant AT&T Corp.'s motion to dismiss and/or for summary judgment for lack of personal jurisdiction.  The Court **GRANTS IN PART** Defendants AT&T of Puerto Rico, Inc. and AT&T Corp.'s motion for summary judgment, **DISMISSING WITH PREJUDICE** the pre-February 25, 1997 claims of Co-plaintiff Lilliam Maldonado.  All other grounds for summary judgment raised by Defendants are hereby **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this __31__ day of July, 2000.

_____
JAIME PIERAS, JR.
U.S. SENIOR DISTRICT JUDGE